The next case this morning is 525-0293, People v. Smeader. Arguing for the appellant is Michael Orenstein. Arguing for the appellee is Jacob Holbert. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Good morning, gentlemen. Good morning. Good morning, your honors. Mr. Orenstein, are you arguing for the appellant here today? I am. You may begin when you are ready, sir. Thank you. Your honors, absent questions otherwise, I plan to focus on counsel's failure to put my client's substantive claim in proper legal form. Your honors, appointed counsel should, like a doctor, first do no harm. In the pro se petition, my client claimed that his immaturity matched that of a minor, so, under the Proportion of Penalties clause, he should be sentenced as such. Such a claim has two elements. First, that at the time in question, a defendant's maturity and brain development equate to Miller's juveniles. Second, a de facto term imposed without regard for youth and its attendant characteristics. As pro se petitions go, my client didn't do that bad of a job. He somehow found the psychologist Dr. Garbarino, he got the report, he discussed what the psychologist actually found, and he used those findings to meet at least the first element. But counsel made the petition worse. In the amended petition, she failed to discuss at all the psychologist's report, which was the centerpiece of my client's claim. The amended petition didn't even mention it. And then, after my client complained, she filed a supplemental petition attaching it, but never citing it or going into Dr. Garbarino's opinions. So, if that isn't a proper legal form, I think it's hard to know what is. Second, you would never know from her supplemental petition that Dr. Garbarino had any opinions. The psychologist linked my client's trauma to his immaturity, which was greater than, he found that it was likely it was greater than any average young adult's immaturity. Counsel said only that the trauma undoubtedly factored into the offense. And she also failed to support two factual allegations she made, that my client started using illegal drugs at age 10, and that at 18, he had to give up using his bipolar medication because he ran out of funds. And alleging unsupported facts is a proper legal form. Improper legal form. But the timeliness of your client's petition. The petition was untimely, Your Honor. So, how do we have jurisdiction to review it? Well, timeliness is not a matter of jurisdiction. Timeliness is a matter of substantive merit or not. That, I believe, goes back to Eau Claire, but I may be getting that case wrong. But I can file a motion to set additional authority. There's lots of cases saying that timeliness is not a matter of jurisdiction. Well, regardless, I may have used the wrong word. How is it that we get to review the petition that's clearly untimely? Well, I guess... What exception to the rule can we use? Well, I would agree that this court cannot review the petition. But what this court can and must do is review counsel's failure to put the petition in proper legal form. Because under People v. Addison, that has to come first before you review the merits of the petition. And timeliness goes to the merits of the petition. So, you're claiming ineffective assistance of counsel? Well, unreasonable assistance in violation of Rule 651C. Well, the counsel did attach the report, correct? She did attach the report. Okay. And that's not sufficient? No, Your Honor. I'll give you an example if I file an appellate brief. If I file an appellate brief and attach a 60-page, I think it was a 30-something-page report, and I say, this report supports my client's argument, and I don't say why, that does you absolutely no good because you need guidance. You need to be pointed to the things in the report. The same thing goes for the trial judge. The other thing is that she never mentioned that... She mentioned some facts that were in the report, but she never mentioned the important thing, which was the psychologist's opinion that my client's traumatic background exacerbated his immaturity. You would never know that from reading the petition. The judge would have to go through the report and find that himself, and that's not the definition of a counsel. It is a definition of a counsel, someone who advocates, and advocate means you have to focus the judge's attention on the facts that support your case. Okay. Thank you. Okay. So, I'll also go... The second component of my argument is that counsel didn't put the claim's second element, Miller compliance, in proper legal form. She argued only... As far as Miller compliance, she argued only, and I quote, it does not appear that the trial court actually considered the factors enumerated in Miller, see Exhibit C. So, first of all, again, she just referred to the report without saying what it said, but second, Exhibit C did not talk about what factors the judge considered because Exhibit C was only a docket sheet. It described events that the clerk wrote, that the defendant was present, the defendant was admonished, the defendant got 45 years in prison, nothing about what the judge actually considered. Now, the state's big argument, again, is so what? He filed late, so he waived his claim. But as I've said before, as to the timeliness, but it goes to both things, that's where people v. Addison comes in. Under Addison, merit doesn't arise until 651C is satisfied. Under Addison, and people v. Jean, and this court's decision to people v. Generally, guilty plea waiver and timeliness, for that matter, goes only to merit. It's not relevant to rule 651C compliance. So, in sum, expecting the judge to wade through a long report is improper. Failing to support key facts is improper. And because the counsel put the petition in proper legal form, this court must remand for rule 651C compliance. All right. Questions, Justice McHaney? No questions. Justice Hackett? No, thank you. Okay. Mr. Orenstein, you will have a few minutes after Mr. Halbert makes his argument. Mr. Halbert, am I pronouncing your name correctly? That's it, Justice Cates. Thank you. Yes. Okay. You may proceed with your argument, sir. Thank you, Your Honor. And good morning, Your Honor's counsel, and may it please the court. My name is Jacob Halbert, and I'm here on behalf of the people. I'd first like to start by addressing any discrepancy in the necessary elements of the petitioner's proportionate penalties claim, because that framing drives his rule 651C argument. Petitioner relies on Garcia to define the elements, and Garcia puts forth a two-step framework. First, a defendant must show that their characteristics render them similar to a juvenile. And second, the defendant must show that their sentencing was not Miller compliant, and that is that the court failed to consider youth and its intended characteristics. Petitioner argues that evolving science must be incorporated into the second step, but that misreads both Garcia and Miller. The second step is a record-based inquiry into what the sentencing court did. Miller requires just consideration of youth. It does not require courts to engage with scientific literature at sentencing. Evolving science, on the other hand, explains why an adult defendant must be treated like a juvenile in the first place to warrant Miller protections. And so even in petitioner's own brief and his analysis here before this court, evolving science does not do any independent work in the second step. The analysis centers more on whether counsel was able to demonstrate that the sentencing court failed to consider Miller altogether. And in turn, counsel can't be deemed unreasonable for failing to incorporate evolving science into the second element, where the governing law is unsettled, as recognized by Garcia itself in paragraph 16 of that opinion. Miller itself doesn't require it, and petitioner's own analysis doesn't even depend on it. At most, petitioner argues that counsel could have drawn the connections more explicitly or framed the elements differently, but Rule 651c only requires reasonable assistance, and under that standard, petitioner demonstrates substantial compliance. Turning to the first element, petitioner complains that counsel's inclusion of his rehabilitative efforts were inconsequential, but that ignores how those efforts demonstrate petitioner's diminished culpability at the time of the offense. Evidence of rehabilitation speaks directly to Miller's recognition of a juvenile's rehabilitative potential. In that regard, petitioner's rehabilitative efforts serve as salient evidence tending to show that he was more akin to a juvenile at the time of the offense. And even if his rehabilitative efforts don't conclusively establish either element, it's just additional cannon fodder to support his theory of diminished culpability at the time of offense, and it should in no way weigh against counsel's reasonableness under a Rule 651c analysis. Petitioner's primary contention, though, is that counsel failed to cite appropriate portions of Dr. Garbarino's report. Petitioner concedes that in counsel's supplemental petition, counsel summarized his childhood traumas, which included problems in school, divorced parents, a physically abusive father, substance abuse issues, and mental health issues, which are all factors that tend to show petitioner was more akin to a juvenile rather than a mature adult. And after delineating all of petitioner's traumas, counsel argued that they hindered his maturity and impacted his emotional development as supported by counsel's attachment of the report. And as petitioner recognizes in their opening brief, the Garbarino report premised its opinion on the evolving science and discussed how petitioner's circumstances and traumas fit within that science to conclude that petitioner's cognitive development was compromised. That counsel did not cite to specific portions of the report does not result in the Rule 651c violation, and petitioner has cited no authority, nor are the people aware of any, directing post-conviction counsel to cite to specific portions of attached circumstance compared to the statutory mandate of reasonable assistance prescribed by Rule 651c. Counsel here only had to set forth a sufficient basis for petitioner's claim, and that is exactly what happened. Counsel set forth both those elements, relied on his rehabilitative efforts and childhood traumas to then argue that those circumstances rendered him more akin to a juvenile and impacted his emotional development and supported that with the Garbarino report. That is exactly the type of reasonable assistance Rule 651c contemplates and demonstrates that counsel sufficiently set forth the first element of petitioner's claim. And now briefly turning to the second element, Miller compliance. Petitioner complains that although counsel argued that the judge did not consider Miller factors at sentencing, counsel did not explain how or why. However, counsel could not have been expected to invade the mind of the judge to explain why the judge didn't consider a decision that came out years after petitioner pled guilty. Moreover, counsel did attach the docket entry from petitioner's plea hearing, which didn't indicate that the court considered the Miller factors to begin with. And contrary to the petitioner's assertion, counsel did not attach the docket entry to document post-plea admonishments and consider the sentence that relies on counsel's citation for this proposition. Counsel indicated that it did not appear that the trial court considered the Miller factors and included a citation to the docket entry in that sentence. And it's hard to fathom why counsel would have attached the docket entry to demonstrate post-plea admonishments when those weren't even an issue or the focus of counsel's assertion. And so in sum, we have a situation in which the amended and supplemental petition show that counsel provided reasonable assistance in line with 651C by sufficiently putting forth the factual basis to address both elements of the petitioner's claim. And in general, this is not a case like Nolan or Grosscheck, which are cited by the petitioner, where counsel entirely omitted an essential element. Rather, counsel addressed both elements and satisfied their obligations under Rule 651C. And turning to timeliness briefly, and to your point, Justice Cates, there's no timeliness argument that the petitioner could put forth that would cure the ultimate untimeliness of the petition. And so that's the situation that we find ourselves in. And that's the situation that counsel ultimately found themselves in. And so in that regard, counsel's best option or an available option to counsel at the time was to put forth a law-based argument that the advent of Miller opened the door and subsequent cases like Clark opened the door that the proportionate penalties clause may be a viable option for petitioner to lodge his claim that his sentence wasn't compliant with Miller. On the opposite side of that spectrum, the argument that it's fenced by the new facts arguments that it's fenced by counsel in their opening brief is also a meritless argument giving the ultimate untimeliness of the petition. And so just as you recognize, Justice Cates, there's nothing that could cure the untimeliness of the petition to begin with. And so counsel's initial argument that the law opened the door for petitioner to raise this claim complied with Rule 651C. And so in general, the crux of petitioner's argument is not that counsel failed to raise the claim. It is that counsel failed to include additional details, specific citations, or more developed arguments. But counsel did present the claim, addressed its elements, and supported it with the materials that petitioner now relies on. So this is not an omissions case. It's a disagreement over how thoroughly the claim was articulated. And Rule 651C requires reasonable assistance, not the most exhaustive presentation. And in that regard, unless your honors have any additional questions, this court should affirm the second stage dismissal of petitioner's petition. I think you're muted, Justice Cates. Thank you for that. You have argued substantial compliance with Rule 651C, right? Yes, your honor. That's the bulk of your argument?  But what impact, if any, does the fully negotiated plea of guilty have in this case? Sure, your honor. And I take counsel's point to Addison saying that Addison directs us to whether counsel substantially complied with Rule 651C before initially even determining the merits of the petition itself. And so I think the plea negotiation is doing work in the background in this instance. First, of course, we'll concede that we have to look to counsel's conduct in putting forth the petition. So we look to counsel's conduct. And of course, she addresses both the necessary elements and puts forth the best timeliness argument that she can. And so in general, we have substantial compliance with Rule 651C. And then I think where the fully negotiated plea comes into play is when we look what would happen if this case were to get remanded back. And if it were to get remanded back, Jones says that this can't go any farther because there is a fully negotiated plea. And so essentially, any amendment that counsel could put forth or reframing of the elements that counsel could put forth is still going to be meritless in the face of this fully negotiated plea. Why would we? So under Jones, the fully negotiated plea of guilty waives the subsequent errors, including the Miller factors, right? Yes. So why would we remand this for a meritless position? And that's the point that we make prior to getting into counsel's conduct or whether or not she substantially complied in our brief, Your Honor. We make the point that Jones fully forecloses this argument and in reply and argued. But all you've argued today is substantial compliance. And I'm wondering why you would argue that in light of the Jones case. Sure, Your Honor. We're also factoring into that in the Addison decision, which says that we should consider counsel's compliance with Rule 651 C prior to turning to the merit of the petition itself. And so I agree with Your Honor that the petition is wholly meritless, but that doesn't under Addison negate whether or not we consider whether the trial or I'm sorry, whether counsel put that into proper legal form, the petition itself. I think the problem that Your Honor is wrecking. Sorry, Your Honor. Go ahead. I'm sorry. So when you're saying that Addison requires us to remand it. Right, even if there's substantial compliance with Rule 651 C. No, not at all. Your Honor, I think Addison doesn't require remand where there is substantial compliance with Rule 651 C. And I think when we look to counsel's conduct in the amended and supplemental petition, we see that she substantially complied with Rule 651 C. So there's no need to remand. Okay, thank you very much. Justice Hackett, questions? No, thank you. Justice McKinney? No, thank you. All right. Thank you, Mr. Halbert. Mr. Ornstein, you have a reply. Thank you, Your Honor. Okay, first I wanted to address Addison and the, excuse me one sec, and the discussion of Addison. So there's a couple of things. It's possible that counsel on remand might be able to address this Supreme Court case, United States v. Class, which held on a different case, a different issue that on a legal sentence might be an exception to a guilty plea waiver. But more fundamentally for where we're at, Addison really addressed this issue. And Addison said that you have to have, as counsel said, substantial compliance before you can look at the merits. And what this Court said, generally, is people, the case of people generally, is that guilty plea waiver is part of the merits. And at the end of Addison, they talk about how they compare it to ineffective assistance of counsel and why would you remand and not have a prejudice component like you have in Strickland. And the answer was because the cost of not having a prejudice component is so much in Strickland. If the remedy is a new trial, then you have to have a new trial. The defense counsel has to prep, the state has to prep, the witnesses have to testify again. Here, the only thing is that counsel has to conform with 651C. So because the cost of the judicial economy is lower, Addison made a different decision and they said that there is no prejudice component here. So that's where Addison is coming from as I see it. Now, you know, this counsel also said that Garcia doesn't require, as a matter of law, to address the science. Well, even if Garcia doesn't require that as a matter of law, here we have a psychologist's opinion saying that the science, as a matter of fact, does show that my client was more immature than the knowing that from reading the supplemental petition. So I don't think analysis of Garcia really answers that point. And as far as counsel saying there's no case saying that trial counsel has to cite to report, I would say there's no authority because it's so obvious. The rule 651C and the statute uses the term counsel. Counsel necessarily means an advocate. Any advocate is not going to leave it to a judge to wade through a report to see how it supports their client's argument. That's not what advocacy is. Advocacy is a here's the law, here's the facts, how the law supports the facts. That's IRAC. That's what everybody learns in the first year of law school. And that's why the complaint, that's why the amended and supplemental are not a proper legal form. So unless there are any other questions. What do you say about the substantial compliance with the rule? I would say there's no substantial compliance with the rule because A, because the rule requires to put a proper legal form. The lack of engagement with the report is not a proper legal form. The lack of affidavits for facts, the facts about my client's drug use, the facts about my client's poverty are not supported by any affidavit. Those are not a proper legal form. You don't need affidavits on those issues, do you, if the defendant is claiming that? You need 122.2, 725, 122.2, I'm not getting the whole citation right. People v. Collins say that you need some sort of attached support. It could be from a transcript. It could be from a report. It could be from an affidavit. You need something. For those two things, there was not anything. How old was the defendant? Wasn't he 20? I believe he was 19. I could be wrong. He was 20 at the time of the hearing. I believe he was 19 at the time of the offense. No, he wasn't 20 at the time of the hearing. Because the hearing, I mean, he didn't file a petition. The sentencing. Okay, he was 20 at the time of the sentencing is what I thought. Yeah, so I believe he was 19. So, is there a case law that says the Miller factors apply to a 20-year-old? Well, I think the case law says that you don't look at the time of the sentencing, you look at the time of the offense. So, that's Garcia, that's Cortez, the case of stateside, I believe. And that goes to people like Harris in the more recent Illinois Supreme Court cases. They say that there's a specific proportion of penalties. In general, the proportion of penalties say you have to shock the conscience. The Supreme Court's carved out a subset of that. Counsel for the state really pointed this out. There's these two elements. You have to equate to being a juvenile, and you have to show that the sentencing wasn't Miller compliant. If you can show that, you show the proportion of penalties claimed. And I got on a sidetrack. I'm not sure if I quite answered your question. You've sufficiently answered it, but thank you. I'm assuming that the relief that you're asking for is a reversal and remand. We're asking for a remand for Rule 651C compliance, yes. Okay. Justice Hackett, questions? No, thank you. Justice McHaney? No questions. All right. Thank you both for your arguments here today. We appreciate it. This matter will be taken under advisement. We'll issue an order in due course.